UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

HENRY I. CISCO, et. al.,

                         Plaintiffs,

  v.                                                 9:15-CV-0618 (GTS/CFH)

ANDREW CUOMO, et. al.,

                         Defendants.

---

APPEARANCES:

HENRY I. CISCO
87-A-2068
Plaintiff Pro Se
Cayuga County Correctional Facility
P.O. Box 1196
Moravia, NY 13118

SALIH ABDULLAH
74-A-2614
Plaintiff Pro Se
Auburn Correctional Facility
P.O. Box 618
Auburn, NY 13021

RICHARD L. DENNIS
72-A-0478
Plaintiff Pro Se
Auburn Correctional Facility
P.O. Box 618
Auburn, NY 13021

THAXTON HAMLIN
84-B-2140
Plaintiff Pro Se
Cayuga Correctional Facility
P.O. Box 1186
Moravia, NY 13118

CLIFFORD E. MERCHANT
80-C-0695
Plaintiff Pro Se
Auburn Correctional Facility
P.O. Box 618
Auburn, NY 13021

GLENN VANNORSTRAND
92-B-0729
Plaintiff Pro Se
Orleans Correctional Facility
3531 Gaines Basin Road
Albion, NY 14411

TIMOTHY FRAZIER
90-T-4084
Plaintiff Pro Se
Green Haven Correctional Facility
P.O. Box 4000
Stormville, NY 12582

GLENN T. SUDDABY
Chief United States District Judge

**DECISION AND ORDER**

**I.     INTRODUCTION**

Pro se plaintiffs Henry Cisco ("Cisco"), Salih Abdullah ("Abdullah"), Richard Dennis ("Dennis"), Thaxton Hamlin ("Hamlin"), Clifford Merchant ("Merchant"), Glenn Vannorstrand ("Vannorstrand") and Timothy Frazier ("Frazier") commenced this civil rights action asserting claims arising out of their confinement in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS").  In prior Decisions and Orders filed on July 23, 2015 and November 9, 2015, this Court granted IFP applications on behalf of all plaintiffs with the exception of Abdullah, who paid the filing fee in full.  In a Decision and Order filed on November 23, 2015 (the "November Order"), this Court reviewed the

2

sufficiency of the complaint in accordance with 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A. On the basis of that review, the Court denied plaintiffs' request to have this matter class certified. Dkt. No. 62 at 8. The Court dismissed the following claims with prejudice: (1) plaintiffs' § 1983 claims for monetary damages against Cuomo in his official capacity; and (2) plaintiffs' state law claims for monetary damages against defendants in their individual capacities. *Id.* at 18. The Court also determined that the remaining claims failed to state a claim upon which relief could be granted and, therefore, were subject to dismissal. Dkt. No. 62, *generally*. In light of their pro se status, plaintiffs were afforded an opportunity to submit an amended complaint. *See* Dkt. No. 62 at 18. Presently before the Court is plaintiffs' amended complaint ("Am. Compl.")[1] and motions for a permanent injunction and the appointment of counsel. Dkt. Nos. 66, 67 and 68.

## II.     DISCUSSION

### A.     Legal Standard

The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. §1915A(b) was discussed at length in the November Order and it will not be restated in this Decision and Order. *See* November Order at 3-4. The Court will construe the allegations in plaintiffs' amended complaint with the utmost leniency. *See, e.g.*, *Haines v. Kerner*, 404 U.S. 519, 521 (1972) (holding that a pro se litigant's complaint is to be held "to a less stringent standards than formal pleadings drafted by lawyers.").

---

[1] The amended complaint is signed by two of the seven plaintiffs, Cisco and Hamlin. Dkt. No. 68 at 14.

**B.	November Order and Amended Complaint**[2]

In the November Order, the Court dismissed the following, without prejudice: (1) plaintiffs' claims that defendants violated their Fifth, Eighth and Fourteenth Amendment rights to due process; (2) claims that defendants violated plaintiffs' equal protection rights; (3) conspiracy claims; and (4) state law claims. *See* Dkt. No. 64, *generally*. The Court also found that plaintiffs failed to plead facts suggesting personal involvement on the part of any named defendant. *See id.*

In the amended complaint, plaintiffs name seven new defendants: Deputy Commission of Program Services for DOCCS, Jeffrey McKoy ("McKoy"); Superintendent of Auburn Correctional Facility ("Auburn C.F."), Harold Graham ("Graham"); Deputy Superintendent of Programs at Auburn C.F., J. Thomas ("Thomas"); and Offender Rehabilitation Coordinators ("ORC") at Auburn C.F., Mr. Heffron ("Heffron"), Mr. Tarnow ("Tarnow"), Mr. Waby ("Waby") and B. Reed ("Reed"). *See* Am. Compl., *generally*. Plaintiffs seek monetary damages against McKoy in his official capacity and monetary damages against Graham, Thomas, Heffron, Tarnow, Waby and Reed in their official and individual capacities. *Id.* at 2-4. The amended complaint does not contain any cause of action against previously named defendants, Cuomo, Evans, Fischer, Annucci and Stanford. Therefore, the Clerk of the Court is directed to amend the docket and terminate Cuomo, Evans, Fischer, Annucci and Stanford as defendants.

---

[2] Plaintiffs' complaint included exhibits. Dkt. No. 1. Plaintiffs did not annex the documents to the amended complaint. "Although it is well settled that an amended complaint supersedes a prior complaint in its entirety, it is clear to the court that plaintiff intended to attach the exhibits to his amended complaint." *Wellington v. Langendorf*, No. 12-CV-1019 (FJS/DEP), 2013 WL 3753978, at *3 (N.D.N.Y. July 15, 2013). To require plaintiff to file an amended complaint that includes the original exhibits is, "an unnecessary procedural hoop that would waste resources and delay resolution of this action." *Alexander v. U.S.*, No. 13-CV-678, 2013 WL 4014539, at *4 (N.D.Cal. Aug. 5, 2013). Because plaintiffs are pro se plaintiffs, the Court will consider the exhibits and documentation attached to the original complaint as incorporated by reference in the amended complaint. *See Alvarado v. Ramineni*, No. 08-CV-1126 (TJM/GHL), 2011 WL 6937477, at *5, n. 9 (N.D.N.Y. Dec. 6, 2011).

On April 24, 2012, Cisco appeared at his Initial Parole Board Hearing.[3]  *See* Am. Compl. at 6.  The hearing was adjourned to afford the three-member Parole Board an opportunity to obtain plaintiff's "release packet" from Reed, plaintiff's ORC, at Auburn C.F. *See id.* at 7. On May 22, 2012, plaintiff appeared before a different three-member Parole Board for his hearing.  *See id.*  Reed was also present during the hearing.  *See id.*  The Parole Board did not utilize plaintiff's Transitional Accountability Plan ("TAP") of a Correctional Offender Management Profiling for Alternative Sanctions ("COMPAS") Risk and Needs Assessment during the hearing.[4]  *See* Am. Compl. at 7.  Moreover, the Board did not explain why TAP and COMPAS were not considered.  *See id.*  After twenty minutes, the panel sentenced Cisco to another two year term.  *See id.*  On April 22, 2014, Cisco refused to attend another Parole Board Hearing because TAP and COMPAS would not be utilized.  *See* Am. Compl. at 8.  At the conclusion of that hearing, Cisco was sentenced to an additional two-year term.  *See id.* at 9.

From May 2012 through December 2013, Cisco filed grievances regarding the failure of the ORCs to utilize the TAP instrument during Parole Board Hearings.  *See* Am. Compl. at 9, 10.  Plaintiff filed appeals with J. Thomas and Graham regarding the Parole Board determinations and the failure to utilize TAP.  *See id.*

On November 27, 2007, Hamlin appeared before the Parole Board.[5]  *See* Am. Compl. at 10.  The hearing was postponed twice.  *See* Am. Compl. at 11.  On March 25, 2008,

---

[3] The amended complaint lacks facts related to where the hearing occurred.

[4] The amended complaint does not contain any new factual allegations regarding TAP or COMPAS.  *See* Am. Compl., *generally.*  For a complete recitation of facts regarding TAP and COMPAS, the Court refers to the November Order.  Dkt. No. 62, *generally.*

[5] The amended complaint lacks facts establishing where the hearing occurred.

Hamlin appeared before a three-member panel and was denied release. *See id.* Hamlin was placed on a twenty-four month hold. *See id.* In November 2009, Hamlin appeared for a second hearing and again was remanded for a twenty-four month hold.[6] *See id.* On September 13, 2011, Hamlin appeared for a third time before the Parole Board. *See* Am. Compl. at 12. As a result of this hearing, Hamlin was placed in another twenty-four month hold.[7] *See id.* On September 18, 2013, Hamlin appeared for his fourth Parole Board Hearing.[8] *See id.* On March 25, 2014, Hamlin appeared for a fifth hearing resulting in another twenty-four month hold.[9] *See id.* at 12-13. During each of Hamlin's hearings, the Parole Boards failed to utilize a TAP instrument. *See* Am. Compl. at 11-12. Hamlin did not have a TAP instrument prepared by any ORC "at the facility."[10] *See id.* Hamlin filed appeals with respect to his September 2011, September 2013 and March 2015 hearings.[11] *See* Am. Compl. at 14.

Construed liberally, the amended complaint contains the following claims: (1) Heffron, Tarnow, Waby and Reed violated plaintiffs' Fifth Amendment due process rights by failing to prepare a TAP instrument for use during their parole hearings; (2) Graham and Thomas violated plaintiffs' Fifth Amendment due process rights depriving plaintiffs of fair and impartial

---

[6] *See* Footnote 3, *supra.*

[7] *See* Footnote 3, *supra.*

[8] *See* Footnote 3, *supra.* The complaint does not contain facts related to the outcome of the hearing.

[9] *See* Footnote 3, *supra.*

[10] The complaint does not identify which ORCs were responsible for the preparation of the TAP instrument or which facility was involved.

[11] The complaint does not contain facts related to whom or where the grievances and appeals were filed. Hamlin asserts that he filed an Article 78 petition with respect to the September 18, 2013 and that he is "contemplating an Article 78 petition" regarding "the non-use of TAP." *See* Am. Compl. at 14.

6

parole hearings; and (3) supervisory claims against Graham, Thomas and McKoy.

**C.   Analysis**

   **1.   Class Certification**

Plaintiffs attempt to bring the action on their own behalf and "on the behalf of all other prisoners, offenders and juveniles similarly situated." *See* Am Compl. at 5. In the November Order, the Court held:

> Throughout the complaint, plaintiffs reference other individuals, who are not named plaintiffs but are allegedly "similarly situated prisoners." *See id.* at 15, 24. It is well settled that a class action cannot be maintained by a pro se litigant since non-attorneys may not represent anyone other than themselves. *See Khalil v. Laird,* 353 F. App'x 620, 621 (2d Cir. 2009); 28 U.S.C. § 1654. Since the named plaintiffs are not attorneys, the request to have this matter class certified must be denied without prejudice for renewal in the event an attorney appears on plaintiffs' behalf.

Dkt. No. 62 at 8.

For the reasons set forth in the November Order, plaintiffs' second attempt to have this matter class certified is denied.

   **2.   Claims by Plaintiffs Abdullah, Dennis, Merchant, Frazier and Vannorstrand**

The amended complaint does not contain any facts pertaining to the remaining plaintiffs: Abdullah, Dennis, Merchant, Frazier and Vannorstrand. Moreover, the amended complaint lacks any allegations or causes of action on behalf of the aforementioned plaintiffs. Indeed, these plaintiffs did not sign the amended complaint. Accordingly, any claims asserted on behalf of Abdullah, Dennis, Merchant, Frazier and Vannorstrand are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### 3. Eleventh Amendment

In the amended complaint, plaintiffs seek an award of money damages against all defendants in their official capacities. *See* Am. Compl. at 2-4. The Court discussed the law pertaining to the Eleventh Amendment in the November Order. *See* Dkt. No. 62 at 8-9. For the reasons set forth in the November Order, plaintiffs' claims against defendants in their official capacities are dismissed with prejudice.

### 4. Due Process

The remaining plaintiffs, Cisco and Hamlin, claim that Heffron, Tarnow, Waby and Reed violated their due process rights because they failed to prepare TAP instruments for use during their Parole Board Hearings. The Court discussed the law pertaining to due process in the November Order. *See* Dkt. No. 62 at 9-12. In the November Order, the Court dismissed plaintiffs' claims holding that plaintiffs did not have a liberty interest in parole. *See id.* at 10. The Court has reviewed the amended complaint and finds that plaintiffs' due process claims suffer from the same infirmities as the original pleading. Plaintiffs have failed to allege any new facts to plausibly suggest a constitutional violation with respect to plaintiffs' due process rights.

Moreover, Hamlin has failed to plead facts suggesting that Heffron, Tarnow, Waby and Reed were personally involved in any alleged constitutional deprivation he allegedly suffered. To wit, Hamlin does not allege facts related to where his Parole Board Hearings occurred or facts suggesting the aforementioned defendants were involved in any of his Parole Board Hearings. The Court discussed the law pertaining to personal involvement in the November Order. Dkt. No. 62 at 14-15. For the

reasons set forth in that Order, Hamlin's allegations against Heffron, Tarnow, Waby and Reed are also subject to dismissal for failure to allege personal involvement.

For the reasons set forth above and in the November Order, plaintiffs' Fifth Amendment claims against Heffron, Tarnow, Waby and Reed are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).[12]

### 4. Supervisory Claims[13]

Plaintiffs claim that Graham and Thomas failed to "remedy the problem by assuring that TAP be used" in hearings and allowed a "custom and practice by the ORCs [ ], to continue in not preparing a TAP instrument for use in the Parole Board Hearing[s]." *See* Am. Compl. at 9, 10. Plaintiffs also assert that Graham and Thomas were aware of the unconstitutional violations during parole hearings because plaintiffs filed grievances and appeals. *See id.* at 9-10.

The law relating to personal involvement and supervisory liability was discussed in the November Order and will not be restated herein. *See* Dkt. No. 62 at 14-15. In the November Order, the Court held:

> Here, the complaint is void of factual allegations suggesting or establishing personal involvement on the part of any named defendant in any of plaintiffs' parole hearings. Indeed, plaintiffs identified the defendants in the caption and "list of parties," but did not assert any specific allegations of wrongdoing by defendants. Other than general, conclusory assertions, plaintiffs have failed to plead any facts that plausibly suggest that defendants were aware of any alleged constitutional

---

[12] In light of the Court's finding that Hamlin's claims are subject to dismissal for failure to state a claim, the Court has not addressed the issue of whether any of Hamlin's claims related to his Parole Board Hearings are time barred by the applicable statute of limitations.

[13] While McKoy is a "supervisory defendant," McKoy has not been sued in his individual capacity. *See* Am. Compl. at 2.

9

> violation suffered by plaintiffs. Based on the allegations in the complaint, the only alleged basis for liability against defendants are their roles in the New York State prison system hierarchy. Such conclusory allegations are insufficient to state a claim against them under § 1983.

Dkt. No. 62 at 15.

With respect to Hamlin, the amended complaint lacks any facts suggesting that Graham and Thomas were personally involved in any constitutional violation he allegedly sustained. Hamlin does not plead any facts related to where he filed appeals and, indeed, Hamlin does not make any reference to Graham and Reed in his factual allegations. For the reasons set forth in Part II(C)(3) and in the November Order, Hamlin's clams against Graham and Reed Heffron, Tarnow, Waby and Reed are dismissed.

In the amended complaint, Cisco attempts to cure the deficiencies in the original pleading alleging that he filed grievances and "appealed" to Graham and Thomas. Am. Compl. at 9-10. The Second Circuit has cautioned against dismissing claims for failure to allege personal involvement without granting leave to amend where the plaintiff may allege that an official failed to respond to a letter of complaint. *Grullon v. City of New Haven,* 720 F.3d 133, 141 (2d Cir. 2013) (holding that a prisoner's letter of complaint sent to a prison warden "at an appropriate address and by appropriate means" would suffice to state facts plausibly suggesting personal involvement). While cognizant of *Grullon*, the Court finds that, as presently plead, plaintiff has failed to establish that Graham and Thomas were personally involved in any constitutional deprivation. Plaintiff claims that he appealed to Graham and Thomas but fails to plead facts establishing where the appeals/grievances were sent or by what means they were forwarded. Without more, the allegations are not enough to allege personal involvement in any constitutional deprivation. *See Guillory v. Cuomo*, 616 F. App'x 12, 14 (2d Cir. 2015) (summary order).

10

Moreover, the amended complaint lacks any facts suggesting that plaintiff was subjected to unconstitutional conduct which defendants, as supervisors, could be held liable. *See Toole v. Connell*, No. 04-CV-0724 (LEK/DEP), 2008 WL 4186334, at *7 (N.D.N.Y. Sept. 10, 2008); *see also Linares v. Mahunik*, No. 05-CV-625 (GLS/RFT), 2006 WL 2595200, at *11 (N.D.N.Y. Sept. 11, 2006). Because plaintiff failed to assert any factual allegations against the defendants or any personal involvement in any constitutional violation, the complaint fails to provide these defendants with fair notice of the basis of plaintiffs' claims. *See Worthy v. Sister's Hosp.*, No. 07-CV-25S, 2007 WL 4409779, at *3 (W.D.N.Y. Dec. 17, 2007).

Therefore, plaintiffs' claims against Graham and Thomas are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

## IV. MOTION FOR APPOINTMENT OF COUNSEL

Turning to plaintiffs' motion for appointment of counsel (Dkt. No. 66), courts cannot utilize a bright-line test in determining whether counsel should be appointed on behalf of an indigent party. *Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Instead, a number of factors must be carefully considered by the court in ruling upon such a motion:

> [The Court] should first determine whether the indigent's position *See*ms likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994) (quoting *Hodge v.*

11

*Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986)) (internal quotation marks omitted). This is not to say that all, or indeed any, of these factors are controlling in a particular case. Rather, each case must be decided on its own facts. *Velasquez v. O'Keefe*, 899 F.Supp. 972, 974 (N.D.N.Y. 1995) (citing *Hodge*, 802 F.2d at 621).

As the Court has found that the amended complaint fails to state a claim upon which relief may be granted, plaintiffs' motion for appointment of counsel is denied.

## VI. MOTION FOR INJUNCTIVE RELIEF

Plaintiffs move for a permanent injunction to "abolish the old machination Parole Board Hearing System and grant the implementation of the new Parole Board Hearing System and New Department of corrections and Community Supervision until a final judgment is rendered." Dkt. No. 67 at 1-2. Plaintiffs specifically note that, "[t]he above-entitled [m]otion is for an [sic] permanent injunction." *Id*. at 2.

"To obtain permanent injunctive relief, the moving party 'must demonstrate (1) actual success on the merits and (2) irreparable harm.' " *Schick v. Apker*, No. 07CIV5775, 2009 WL 2016933, at *12 (S.D.N.Y. Mar. 5, 2009) (quoting *Cartier v. Symbolix, Inc.*, 454 F.Supp.2d 175, 186 (S.D.N.Y. 2006)). "A permanent injunction is only appropriate,[ ], after a plaintiff has prevailed on the merits of his claim." *Renoir v. Governor of Virginia*, 755 F.Supp.2d 82, 87 (D.D.C. 2010). At this juncture, plaintiffs have failed to assert any viable cause of action. Thus, plaintiffs have not demonstrated actual success on the merits of their complaint and irreparable harm to warrant the granting of the requested relief. Therefore, plaintiffs' motion for a permanent injunction is denied in its entirety.

## VI. LEAVE TO AMEND TO CURE DEFICIENCIES

Ordinarily, a court should not dismiss a complaint filed by a pro se litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704–05 (2d Cir.1991); see also Fed.R.Civ.P. 15(a) ("The court should freely give leave when justice so requires."). An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir.2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir.1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir.1993); *accord, Brown v. Peters*, No. 95–CV–1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).

In this instance, plaintiffs have already been provided one opportunity to amend their complaint. The deficiencies with his original complaint, identified by the court in its decision, have not been cured with the amended complaint. Accordingly, the Court finds that any further amendment would be futile.

## VII. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiffs' request for class certification is **DENIED**; and it is further

**ORDERED** that plaintiffs' claims are **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted. The Clerk is directed to close this case; and it is further

**ORDERED** that plaintiffs' motion for the appointment of counsel (Dkt. No. 66) is **DENIED**; and it is further

**ORDERED** that plaintiff's motion for a permanent injunction (Dkt. No. 67) is **DENIED**; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED**.

Dated: March 22, 2016
Syracuse, NY

Hon. Glenn T. Suddaby
Chief U.S. District Judge